May it please the court, while we have not contested the notice requirement given the facts and law applicable to this case, we do believe that the notice received by the defendant during the course of the pre-sentencing proceedings was adequate and that the court was not legally precluded from imposing a consecutive sentence on the facts in this case. I want to make four specific arguments. First, I'd like to review the matters that were briefed to the district court in advance of the sentencing hearing. I'd like to briefly touch on the plain language of Rule 32H. I'd like to then turn to the fact that the government should prevail, given the standard de novo standard review in this matter, and then finally focus on the fact that this is a significant issue, given that the district court made a number of observations about how this defendant should have received a consecutive sentence, given his criminal history and the facts of this case. If we turn specifically to what the defendant had notice of in advance of the sentencing hearing. Assuming you succeed on every aspect of your claim, what is the most you can hope to walk away from here? It is my understanding, Judge Kuczynski, that the defendant has served nine months on the federal sentence that was imposed. I'm sorry, I wasn't seeing enough time. Let me just refine my questions. Could you get him on a remand for the district court to consider consecutive sentences? That's what the government's – that's the extent of what we ask, is that this judge – Oh, no, certainly not. Could this be a remand for the district court to consider consecutive sentences? That is what the government says. So what you're really disputing is whether the district court erred when it said it really didn't have the discretion. That is correct, Your Honor. Okay, go ahead. If we turn to the excerpts of record and quickly note what the defendant had argued in his sentencing memo, and that – the court can find that – the specific languages on excerpts of record 56 and 57 and 58, the defendant noted that in considering whether to impose a consecutive or concurrent sentence, that the district court would need to look at the 3553A factors. And that is – Counsel, would that mean that it would be a variant rather than a departure? Judge Fletcher, we – the government spent a lot of time in advance of briefing this appeal, trying to determine whether, in fact, this was a departure or variance. And we ultimately concluded that Fifield and the Williams case and the most recent opinion of this court in Evans-Martinez does treat a – imposes a concurrent sentence. We concluded that if we were to seek a consecutive sentence on this record, that, in fact, that would be construed as a departure by this court given those cases, and that Irizarry, the Supreme Court's recent ruling, would not disrupt that thinking. So we are not asking this court to say this was really a variance and the defendant wasn't entitled to any notice. What we are arguing is that that precedent treats this as a departure, but that this defendant had plenty of notice given the record. Under 3553A consideration, a variation is what results from that consideration. But it – we found it to be a pretty close question, but in particular given Fifield's conclusion, that in that case it was a 5G1.3C sentencing, where the court, based upon the advisory guideline, could have imposed a concurrent or a consecutive sentence, this court there said, well, there – that isn't a departure. But on these facts, where 5G1.3B is the question, we do believe that we needed to provide adequate notice,  starting with his own briefing. Well, except that if it is a departure and he was saying it could go under 3553A, he really didn't have notice of departure then, maybe. Well, I would ask the court to consider those prefilings, starting with the language in Excerpts of Record, page 56, where the defendant advised the district court that, pursuant to subsection B of this statute, when a sentencing court is determining whether the terms of imprisonment should be ordered to run consecutively or concurrently, it must consider the sentencing factors. And then the government, in its sentencing memo, at Excerpts of Record, page 51 and 52, made the following observations. In this case, the concurrent sentence urged by Hahn would not advance the sentencing factors. This court must consider pursuant to 3553A. And then finally, on page – at the bottom of Excerpts of Record 52, in this case, a sentence which addresses the 3553A factors must run consecutive to Hahn's undischarged state sentence. Therefore, the government recommends and urges this court to sentence Hahn to 46 months' imprisonment consecutive to the state sentence he is presently serving. So when we talk about that notion of the ability of fully vet issues at the time of the sentencing hearing, was the defendant on notice that the government was going to seek Doesn't the notice have to come from the court? No. And I'm glad you raised that, Judge Kuczynski, because I think the flavor of some of the district court's comments suggest that that was what he – the theory he was operating under. Now, the plain language of Rule 32 – and this is set forth on the bottom of page 11 and the top of page 12 of our brief – it says, before the court may depart from the applicable sentencing range on a ground not identified for departure, either in the pre-sentence report or in a party's pre-hearing submission, the court must give the party's reasonable notice that is contemplating such a departure. And in reviewing some of the court's observations, starting with the judgment, which is – the key language here is excerpts of record, page 13, where the court says, at the end of subsection 8, the court believes it is inappropriate to apply 5G1.3b in this case because defendant was not given notice of the court's intent to depart from the guidelines. And there are other passages that suggest that same sort of thinking. Excerpts of record 39, the court said that he was troubled, again, that I did not give notice under Rule 32H, but my thinking in reading the PSR is that a consecutive sentence would be appropriate later on. And excerpts of record 40, he said it's clear that I haven't given him notice and I should have if I was going to give him a consecutive sentence. And that's not what the rule requires. And although there are cases that precede the adoption of Rule 32H, like the Sanders case that is set forth in our brief, the question is, have the parties had ample notice – this is out of Sanders – ample notice and opportunity to litigate the issues? Have the parties had an opportunity to have a clash in terms of, should this be a consecutive sentence or not? And if so, why is it that the 3553A and its factors counsel that a consecutive sentence would be more appropriate? So here, government returning to the primary argument is, we believe that given that language in both sentencing memos, the defendant and the government have set forth an adequate record for notice in this case. We have two minutes left, Mr. Mercer. Do you want to save it? I will. Thank you, Your Honor. I'll reserve those. Thank you. We'll hear from the appellee. Good morning. Ryan Schaefer for Appellee Brett Hahn. I think I'll start with where the parties agree in this case, and that is that Mr. Hahn was entitled to notice of a departure. The United States concedes that. The next question, then, is whether he received adequate notice under Rule 32H. The United States has argued that notice of a variance under the factors of 18 U.S.C. 3553, in this case, constitutes notice of a departure. Counsel, do you consider this to have been a variance or a departure? If the district court had deviated from Section 5G13B, which it didn't, if it had, that would have been a departure under Fifield or the law of this circuit. Why don't you answer Judge Rollins' question? I'm sorry. I didn't hear you. Judge Rollins asked you what you thought this was, and you gave her an if answer. If something else were the case, it would be something else. I'd like to hear what your answer is to Judge Rollins' actual question. Oh. Do you remember the question? I do. This is a departure case. Because the court imposed a sentence within the guidelines, it wasn't a departure or a variance in this case, but the court was contemplating a departure. Okay. So this was a departure case. Correct. He was entitled to notice ahead of time. Correct. Okay. Why isn't Mr. Mercer's argument persuasive that the notice can come from the court, it can come from the parties, and that the possibility of consecutive versus concurrent sentences was raised by the parties in their own briefs, and therefore the defendant was on notice? Well, I would agree with the United States that notice can come either from the court or from the parties. I would disagree that Mr. Hahn had notice. And the record establishes in this case that the PSR did not identify any grounds for a, quote, departure. The United States did not object to the PSR. How are those pages in the excerpt that Mr. Mercer was citing? He cited excerpt page 52, for example. Do you have that in front of you? I looked at it as he was speaking about I can grab it. I'm familiar with what he was speaking to, and he was speaking to the factors under 18 U.S.C. 3553, which would be factors that the court should consider for varying a sentence, and that is distinct from a departure. But if you talked about consecutive versus concurrent sentencing, why isn't that notice that that factor is in play? A case in the circuit at U.S.V. Williams requires notice of both the mechanism of departure and the specific grounds for departure. And I think Irizarry plays into this distinction between the variances. It says right here, if you look at excerpt 51, this is responding, the government responding to your client's argument, or your argument of your client. It says, in this case, the concurrent sentence urged by a harm would not amend the sentence factors this court must consider proceeding to 3553A. And it goes on for the full paragraph to make the point that concurrent sentences are not adequate. Presumably, I mean, the only purpose of this argument would be to persuade the court to accept a very consecutive sentence. I mean, there's no other point of arguing against a concurrent sentence because it can only be consecutive or concurrent. So why isn't this enough, both in terms of the mechanism for the departure and the reasons for it? Well, one reason, I think, is that if we accept this argument that that is enough, that the mere fact that 18 U.S.C. 3553 is on the books and that we had knowledge that the court could utilize those factors to echo outside the guidelines, that means that every defendant in a situation like this where they're serving a current state sentence automatically has notice because ‑‑ No, in this case, you actually have a written statement from the government. So it's not sort of, in theory, the section is out there and you will notice it might happen. Here, the issue was put into play first by your brief asking for a concurrent sentence and then by the government disputing why a concurrent sentence is appropriate. I don't see how this would explain to every defendant. Let me address that, I think, two ways. We certainly had notice that the court could go consecutive or concurrent. We did not have notice of the grounds for a departure for the court to go consecutive in this case. And I would point to Irizarry where the Supreme ‑‑ As described in the pre-sentence report, Han utilized ‑‑ The first sentence is, would not advance the sentencing factors that the court must consider pursuant to 3553A. As described in the pre-sentence report, Han utilized a firearm in this case to threaten patrons on the rustic hut block. And it goes on and explains exactly the grounds why a concurrent sentence would not be appropriate and, therefore, I think by clear implication, why a consecutive sentence would be the appropriate one. I don't think there's any way of reading this as ‑‑ I mean, it's arguing that for a concurrent sentence on these very grounds. I don't see how you could have been misled. Your Honor, I would argue that that is the grounds for a variance under the factors of 3553 and the distinction between a variance and a departure was central to the Supreme Court's holding in Irizarry, where the court said that a departure was a term of art that referenced a mechanism for departing for a guideline sentence based on a mechanism within the framework of the sentencing guidelines. What would be the mechanism that you think is missing? What do you think is missing from the sentencing memorandum that was filed by the government in light of the fact that on page 52, a specific request is made for a consecutive running of the to the undischarged state sentence? So what mechanism is missing? There are several mechanisms in the sentencing guidelines. If the court was concerned that Mr. Hahn's criminal history wasn't accounted for, Chapter 4 of the sentencing guidelines provides for a departure based on that. There are a variety of mechanisms for departure in Chapter 5, including the nature and circumstances of the crime. And I think the importance of having the court actually deal with the mechanism within the guidelines is that it requires the parties in the court to consider whether this is indeed a case that falls outside of the, quote, mind run of cases in the guidelines. But that's what the government was seeking to do, but the court thought because it had not given notice that it was prevented from going into the very discussion that you're having here now. I think the court was correct in that it couldn't go into that discussion without giving us notice, because we did not have an opportunity to brief, we didn't have notice of whether the court was considering this to be a case within the mind run of the cases considered by the Sentencing Commission or not. Well, what were you thinking when you asked for a concurrent sentence? We were arguing that Mr. Hahn's conduct had already been considered by the Sentencing Commission. So under 5G31, under that shall language, that he should have a concurrent sentence. Don't you think that the judge should have confronted whether your sentencing memo and the government's were adequate? He just went on the premise that he had to give notice. I understand that argument, and I believe, I think that's accurate that the excerpts of the record suggest that the judge might have been under that impression. I don't think the record is conclusive on that point. If we remand, should he look at whether the notice was adequate as contained in the sentencing memo, or should we rule that that was adequate? I think if you remand, you would have this, I think, to remand would mean that you were reversing the district court, in which case you would certainly be arguing that we had notice, I think, impliedly. Or we could remand for the district court to give you notice or determine if notice was adequate. The district court could decide on any number of alternative approaches. Sure. Okay. Thank you. Mr. Mercer, you have a little time left. Do you wish to take it? Your Honor, I think the issues have been well explored, and I would only add that we do believe that we meet the de novo standard of review, because we believe that the plain language of the rule is very clear on what sort of notice is required, and we believe that that burden has been met here, and we think it's particularly persuasive, given the Court's comments on how it wished it could have imposed a consecutive sentence, but didn't believe it had the authority to do so. So we do seek the reversing remand. Thank you.
judges: Kozinski, Fletcher, Rawlinson